**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 19, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11201
Summary Calendar

_____

AUTHER W. CALLICUT,

                                        Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

                                        Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-1525
---------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Auther Callicut, Texas prisoner # 1028523, appeals the

district court's dismissal of his 28 U.S.C. § 2254 application

challenging his conviction for murder.  The district court

dismissed Callicut's application as time-barred.  This court

granted Callicut a certificate of appealability (COA) concerning

the timeliness of the § 2254 application because Callicut had

provided the district court with a document showing that he had

filed his state habeas application no later than January 23,

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2003, rather than on April 15, 2003, as the district court had determined.

Callicut argues on appeal that he timely filed his § 2254 application because he filed his state habeas application on January 10, 2003, rather than on April 15, 2003.

The respondent argues that this court does not have jurisdiction to consider Callicut's appeal because Callicut did not specifically argue in his COA motion to the district court that the district court's finding concerning the date that his state habeas application was filed was incorrect. However, this court has jurisdiction over this appeal because the district court implicitly considered the issue when it denied Callicut's COA motion. See Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998).

Although Callicut did not challenge the magistrate judge's determination of his state habeas filing date in his objections to the magistrate judge's findings and recommendation, we review the district court's factual findings for clear error and its legal rulings de novo because the district court conducted an independent review of the record before denying Callicut's appeal as time-barred. See Henderson v. Quarterman, 460 F.3d 654, 659 (5th Cir. 2006), cert. denied, 127 S. Ct. 1383 (2007); Meister v. Texas Adjutant General's Dep't, 233 F.3d 332, 336 (5th Cir. 2000).

Because Callicut provided the district court with a document indicating that his state habeas application had been received by the Dallas County District Clerk on January 23, 2003, the district court clearly erred in determining that Callicut filed the application on April 15, 2003. See Henderson, 460 F.3d at 659. Using January 23, 2003, as the state habeas filing date, Callicut's § 2254 application was timely filed pursuant to 28 U.S.C. § 2244(d). Accordingly, the district court's judgment is VACATED and this case is REMANDED to the district court for further proceedings.